# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERVIN D. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  NO. 3:24-cv-00711 |
| ERIC PUTMAN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ervin Martin has filed a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. No. 1) against the Greenbriar Police Department, Lieutenant Allen, Officer Michael Jones, and Deputy Chief Eric Putman. Plaintiff also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 6) and a Motion to Correct the spelling of his first name to "Ervin" instead of "Erwin." (Doc. No. 7). The Motion to Correct is **GRANTED**. The Clerk **SHALL** make this change to Plaintiff's first name on the docket of this case.

### I. IFP APPLICATION

Plaintiff's IFP application lists monthly expenses that approximate his monthly income, which exclusively comes from Social Security payments. It also lists minimal assets. The IFP application therefore sufficiently demonstrates that Plaintiff cannot pay the full civil filing fee in advance "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 6) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," Small v. Brock, 963 F.3d 539, 540 (6th Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 144 S. Ct. 1316, 2024 WL 2751216, at *3 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

The Complaint alleges that Plaintiff was subjected to unlawful arrest and an illegal search after being pulled over by Lieutenant Allen and Officer Jones of the Greenbriar Police Department on July 5, 2023. (Doc. No. 1 at 2–4). Plaintiff was "random[ly]" stopped at what he "thought to be a roadblock." (Id. at 4.) He had baking soda with him in case a distributor he had just installed on his 1994 Chevy van that morning caught fire. (Id.). He claims that he was racially profiled, falsely

2

Case 3:24-cv-00711    Document 8    Filed 10/03/24    Page 2 of 5 PageID #: 27

accused, and falsely arrested (id. at 4, 5), based on what he believes to be a desire by police and his neighbors "to try and catch [him] in some kind of violation that would put [him] at risk of losing [his] home" in what "was predominantly a black neighborhood and now . . . is quite the opposite." (Id. at 7). Plaintiff was kept in handcuffs for three hours, resulting in shoulder pain that continues to bother him. (Id. at 5). He was detained for four months after his allegedly unlawful arrest before apparently being released,[1] and now claims malicious prosecution. (Id. at 4, 5).

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." Sykes v. Anderson, 625 F.3d 294, 305 (6th Cir. 2010) (citing Voyticky v. Village of Timberlake, Ohio, 412 F.3d 669, 677 (6th Cir. 2005)). Here, Plaintiff's allegations of being racially profiled, stopped, and searched for no legitimate reason by Defendants Allen and Jones, and subsequently arrested on unfounded drug charges, are sufficient for purposes of initial review to plead a claim of false arrest without probable cause. As for his claim of malicious prosecution, "the gravamen of the Fourth Amendment claim for malicious prosecution, as [the Supreme] Court has recognized it, is the wrongful initiation of charges without probable cause," with the ultimate result that those criminal proceedings terminated in Plaintiff's favor. Thompson v. Clark, 596 U.S. 36, 43 (2022). The charges must have been initiated by a defendant who "ma[d]e, influence[d], or participate[d] in the decision to prosecute," and Plaintiff must have been deprived of his liberty for some period of time after the initial seizure. Sykes, 625 F.3d at 308–09. At this early stage, and construing the facts alleged and all reasonable inferences therefrom in Plaintiff's favor, the Court will allow the malicious prosecution claim to proceed against Allen, Jones, and their superior officer, Defendant Deputy Chief Eric Putman.

---

[1] The Court takes judicial notice of the Robertson County Online Court Records System, https://robertson.tncrtinfo.com/crCaseForm.aspx?id=BAAB754B-4C57-4F3F-BB7E-B07CF283E9DD&dsid=20aeb40a (last visited Oct. 2, 2024), which shows that all charges against Plaintiff arising from his July 5, 2023 arrest were disposed of by "Dismissal/Nolle Prosequi" on February 9, 2024.

The Greenbriar Police Department is also named as a Defendant. (Doc. No. 1 at 1). But "a non-juridical police department" is not an entity suable under Section 1983. Lopez v. Foerster, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Moreover, even if the claim against the Greenbriar Police Department were liberally construed as a claim against its municipal operator, the City of Greenbriar, Plaintiff has not alleged that his false arrest and malicious prosecution resulted from the execution of any policy of the City. Without alleging that a municipal policy or custom was the moving force behind the deprivation of Plaintiff's constitutional rights, the Complaint does not support the City's liability under Section 1983. See Miller v. Sanilac Cnty., 606 F.3d 240, 254–55 (6th Cir. 2010). The Greenbriar Police Department will therefore be dismissed from this action.

### III. FURTHER PROCEEDINGS

As explained above, the Complaint states nonfrivolous claims that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff service packets (blank summonses and USM 285 forms) for Defendants Allen, Jones, and Putman. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Defendant Greenbriar Police Department is **DISMISSED** from this action.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The above determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons

set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is cautioned that he must keep the Court informed of his current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. <u>See</u> https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE